FRANK T. WOOD, Respondent, *v.* WOODLAWN IMPROVEMENT ASSOCIATION TRANSPORTATION CORPORATION, Appellant.

Third Department, March 3, 1926.

Motor vehicles — action to recover for injuries suffered when defendant's motor bus struck plaintiff as it was approaching halt at street curb — view of driver and plaintiff was unobstructed — plaintiff crossed sidewalk with intention of crossing street — mudguard of bus did not extend over sidewalk — plaintiff was guilty of contributory negligence as matter of law.

The plaintiff cannot recover damages for injuries suffered when defendant's motor bus struck him, since it appears that the accident occurred as the motor bus was approaching a halt at the street curb at a time when the plaintiff was crossing the sidewalk with the intention of entering the street for the purpose of crossing it; that the view of the driver and the plaintiff was unobstructed; that the motor bus was approaching the curb very slowly at an angle and when stopped the front wheels were about six inches from the curb and the rear wheels between two and three feet from the curb; that at the time of the accident plaintiff was not standing on the sidewalk but was walking and about to cross the street; and that the actions of the plaintiff could not have indicated to the driver of the bus that the plaintiff intended to cross the street in front of the bus until he was three or four steps from the curb.

The defendant cannot be held liable on the ground that the mudguard projected over the street curb and struck the plaintiff while he was on the sidewalk, for the evidence does not show that the mudguard was actually projecting over the curb, and the manner in which the plaintiff fell after he was struck indicates that he was not struck with the side of the mudguard, but was struck by the front of the guard, and, therefore, must have been at least partially beyond the curb when the mudguard struck him.

If, on any hypothesis, it could be held that the defendant was guilty of negligence, still it must be held, as a matter of law, that the plaintiff by crossing the sidewalk and entering upon the street without looking or seeing the approaching bus, which was seven feet high and twenty feet long, was, as a matter of law, guilty of contributory negligence.

APPEAL by the defendant, Woodlawn Improvement Association Transportation Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 23d day of May, 1925, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 1st day of June, 1925, denying defendant's motion for a new trial made upon the minutes.

*Robert F. Woody* [*Neile F. Towner* of counsel], for the appellant.

*Charles E. Brennan,* for the respondent.

VAN KIRK, J. Upon the first trial of this action the jury rendered a verdict for the defendant. This verdict was subsequently set aside because some of the jurors during recess had seen and examined one of the defendant's buses. The second trial resulted in a verdict for plaintiff which was set aside by this court as against the weight of evidence. (206 App. Div. 810.) Upon the third trial the jury has rendered a verdict for the plaintiff. On the former appeal there was no description and no measurement of the bus or of the mudguard, and nothing from which could be determined to what extent the mudguard upon the front right wheel could project over the edge of the sidewalk as the bus approached. This evidence has now been supplied.

The evidence of the plaintiff and his witnesses discloses the following facts: About eleven o'clock in the morning the plaintiff, a traveling salesman, came out of the southerly door of the post office building in the city of Albany intending directly to cross the sidewalk and the street to a trust company on the opposite side. The post office building is situated at the junction of State street and Broadway. It stands on the east side of Broadway and the north side of State street. The defendant's bus had come down State street, turned to the left and, going about five miles an hour, was approaching the curb to discharge passengers. The sidewalk from the lower step of the post office building to the curb is about

**630** Wood *v.* Woodlawn Improvement Assn. Transp. Corp.

Third Department, March, 1926. [Vol. 215

twenty feet across. When about half way across, a passing friend spoke to plaintiff and he turned his face southerly for an instant to salute the friend, but did not stop. He crossed the sidewalk at the usual, ordinary speed. Common knowledge would fix this at two and a half to three miles an hour. There was no one upon the sidewalk in front of him or to the south as he approached the curb. At no point did he stop in his course, or look in any direction except straight ahead; and, while thus continuing his course with the intent to cross the street, he came into collision with the mudguard over the right front wheel of the bus. The forward point of this mudguard is about thirty-eight inches high, and projects about an inch and a half or two inches beyond the front of the wheel as it curves. The bus is twenty feet long and seven and one-half feet high. Plaintiff was struck upon his left hip or thigh about thirty inches high. The curb was about eight inches high. The plaintiff was thrown into the roadway; his left leg was run over and the bus stopped with the front wheel between his legs. At the time of the collision the front wheel of the bus was about six inches from the curb and the rear wheel from two to three feet from the curb. The charge of negligence in the complaint is that the bus was so negligently operated that it struck plaintiff while he was standing on the sidewalk; that the driver failed to keep the bus under reasonable control and failed to blow a horn or give a signal as it approached the curb.

There is no evidence in the case to justify a finding that plaintiff at the time he was struck was standing on the sidewalk. On the contrary, the undisputed proof is that he was at the time walking and about to cross the street. Had he been standing at the curb on the sidewalk the question presented here would be different. The plaintiff had a right to cross the street, but it was his duty, as he approached the curb and was about to cross the street, to use his eyes and thus protect himself from danger from approaching vehicles. The chauffeur was driving on the right-hand side of the street, near the curb and about to stop. The bus was moving very slowly and was gradually reducing its speed. The bus was under reasonable control. In these respects the chauffeur was within his rights. But it was his duty to be watchful to the front and avoid doing injury to a person about to cross the street, if with reasonable care and diligence he could so do. The only charge of negligence that can be brought against the chauffeur is that he failed to look and see in time to stop his bus or signal before it came in collision with the plaintiff. There was nothing to obstruct the view, either of the plaintiff or the chauffeur, as each, pursuing his course, approached the point of collision. Had the chauffeur

Wood *v.* Woodlawn Improvement Assn. Transp. Corp.  **631**

App. Div. 628]        Third Department, March, 1926.

been watching the plaintiff as he came out of the post office he could not have instantly known plaintiff's intent to cross the street. This could only be judged by the direction he took for a sufficient time to indicate his intent.   Until he had reached the center of the sidewalk, where plaintiff saluted his friend, it could hardly have been known that he intended to continue across.   He was then within three or four steps of the curb line, and the bus was slowing down and approaching the curb.   If it can be held that the chauffeur was negligent for failing to see the plaintiff and realize in this instant of time that he was about to pass without looking in front of the bus, how can plaintiff be excused from negligence in failing to see this bus, seven and one-half feet high and twenty feet long, with nothing to obstruct his view; and when the law required that, when about to cross the street, he should  use his eyes to avoid danger from passing vehicles?   He neither claims that he looked, nor that he stood on the curb; he was walking forward — moving.

The plaintiff argues that the mudguard projected over the curb and struck the plaintiff while on the sidewalk.   We think this contention is unsupported by any evidence or fair inference.   This mudguard projects only an inch and a half or two inches beyond the wheel.   The front wheels were cramped, but the mudguard is fixed in position.   The angle at which the bus was approaching the curb was small; two to two and a half feet in twenty feet.   At the side the mudguard projects little if any beyond the wheel hub. · There could have been no projection of the mudguard over the curb.   With the front wheel from three to six inches from the curb and the angle between the bus and curb so acute, the little possible overhang could not have reached the curb.   Also, being struck upon the hip, the course of his fall is instructive.   If he had been hit toward the front of the hip and by the outside of the mudguard, he would have been pushed toward the sidewalk inevitably.   With the bus slightly pointing toward the curb, in order to throw him into the street, the force of the blow must have been toward the back of the hip, or beyond the center of the front end of the mudguard.   We think this conclusively shows that the plaintiff, when struck, was at least stepping from the curb into the street, and this without looking.   At the time he was about to step, the bus of course was immediately upon him.   Had he given an instant glance before he took the step he would not have been injured.   " If the traveler may rely to some extent on the assumption that care will be taken by the driver, the driver may also rely to some extent on the assumption that care will be taken by the traveler."   (*Knapp* v. *Barrett,* 216 N. Y. 226, 232.)

The evidence asked for by this court on the former appeal has

been supplied. Any inference that plaintiff was standing on the sidewalk and that the mudguard by its overhang may have caused the accident has been removed. We think as a matter of law the plaintiff was guilty of contributory negligence. (*Knapp* v. *Barrett, supra*, 230.)

The order and judgment should be reversed and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.